UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THEODORE THOMPSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-17551** |
| **NEW ORLEANS CENTER FOR CREATIVE ARTS, ET AL.** | **SECTION "H"(3)** |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Remand (Doc. 6). For the following reasons, the Motion is GRANTED.

### BACKGROUND

This action arises out of the expulsion of two students from Defendant New Orleans Center for Creative Arts ("NOCCA"), a public, performing and visual arts high school located in New Orleans. On October 31, 2017, the students, minors represented by Plaintiffs Renee Diaz and Carlos Ruiz de la Torre, were accused of using or possessing marijuana in the bathroom of NOCCA during school hours. Later that day, they were expelled. Their subsequent appeal of the decision was denied after a brief hearing. Plaintiffs argue that school officials did not follow proper protocol in deciding to expel

1

the students, denying them a fair hearing and violating their due process rights.

Plaintiffs appealed the decision to the Civil District Court of Orleans Parish. They also sought damages against NOCCA for violation of the students' Fourteenth Amendment due process rights and breach of contract. In light of Plaintiffs' claims under the Fourteenth Amendment, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1331. Subsequently, Plaintiffs amended their petition, removing all claims under federal law and instead seeking damages for due process violations under the Louisiana Constitution. Plaintiffs now argue that this Court lacks subject matter jurisdiction and ask that the case be remanded back to state court. Defendants oppose this motion.

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

---

[1] 28 U.S.C. § 1441(a).
[2] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[3] *Id.*
[4] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).
[5] *Manguno*, 276 F.3d at 723.

## LAW AND ANALYSIS

When a case is removed from state court, federal jurisdiction is examined at the time of removal.[6] Subsequent events, such as an amended complaint, will not relinquish a court of federal jurisdiction.[7] However, "[c]ourts are instructed to examine their jurisdiction at every stage of the litigation."[8] Specifically, "[a] district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated."[9] "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."[10]

When deciding whether to retain jurisdiction over pending state law claims, the Court considers and balances the statutory factors in 28 U.S.C. § 1367(c), as well as the common law factors of judicial economy, convenience, fairness, and comity.[11] The statutory factors consider if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."[12]

While the first and fourth factors are inapplicable here, the second and third factors strongly favor remand because only state law claims remain pending before this Court.[13] In addition, the factors of judicial economy and

---

[6] *Coury*, 85 F.3d at 248–49.
[7] Freeport-McMoRan, Inc., v. KN Energy, Inc., 498 U.S. 426, 428 (1991).
[8] Enochs v. Lampasas Cty., 641 F.3d 155, 161 (5th Cir. 2011) (internal quotations omitted).
[9] *Id.*
[10] Brookshire Bros. Holding v. Dayco Products, Inc., 554 F.3d 595, 602 (5th Cir. 2009).
[11] *Enochs*, 641 F.3d at 159.
[12] 28 U.S.C. § 1367.
[13] *Enochs*, 641 F.3d at 159.

comity favor remand. Plaintiffs have abandoned their federal claims while this action is still in its infancy, and therefore there is little concern for the duplication of work. In addition, Louisiana state court has a significant interest in resolving issues of state law involving a state-run institution. While Defendants complain about the unfairness of Plaintiffs' amendment, a "motion to amend [a] complaint to delete the federal claims is not a particularly egregious form of forum manipulation."[14] Further, forum manipulation "is not so serious of a concern that it can become a trump card which overrides all of the other factors [the Court is] instructed to consider and balance."[15] The Supreme Court has held that a federal district court has a "powerful reason" to remand a case to state court "[w]hen the single federal-law claim in the action was eliminated at an early stage of the litigation."[16] Accordingly, because both sets of factors favor remand and no federal claims remain, this Court declines to exercise jurisdiction over the remaining state law claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED, and this matter is REMANDED back to state court.

New Orleans, Louisiana this 21st day of May, 2018.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[14] *Id.*
[15] *Id.* at 160–61.
[16] Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988).

4